# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JWAN DWAIN WASHINGTON, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) NO. CIV-09-0139-HE |
| | ) |
| RANDY WORKMAN, Warden | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner Jwan Dwain Washington, appearing *pro se*, filed this action seeking habeas corpus relief under 28 U.S.C. § 2254, challenging his state court conviction on various federal constitutional grounds.[1] The matter was referred for initial proceedings to Magistrate Judge Valerie Couch pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge issued her Report and Recommendation, suggesting the petition be denied.

Petitioner raises three grounds for federal habeas relief. In Ground One, petitioner asserts that the trial court erred in accepting his guilty plea without a sufficient factual basis. As the magistrate judge recognized, a state court is required by the Constitution to establish a factual basis for a guilty plea only if the defendant claims his factual innocence while pleading guilty. N. Carolina v. Alford, 400 U.S. 25, 37-38 (1970). Petitioner did not claim in his petition that he asserted factual innocence during the proceeding at which he pled guilty. In his objection to the Report and Recommendation, petitioner argues that, although he did not "expressly claim[] his factual innocence," he effectively claimed innocence

---

[1]*Defendant was convicted of first degree murder and sentenced to life in prison.*

because the facts he explained to the court did not satisfy all the elements of first degree murder. The "claim of factual innocence" contemplated in Alford involves situations where, despite contending he or she has not committed the crime, a defendant pleads guilty for other reasons. That circumstance is different from petitioner's assertion here that the facts he testified to in court would not have, if proven, supported a conviction. As petitioner did not assert factual innocence at the plea hearing, the magistrate judge correctly concluded that Ground One of his petition does not establish a basis for habeas relief.

In Ground Two, petitioner claims that his plea was not voluntary because it was not made intelligently. In Henderson v. Morgan, 426 U.S. 637, 645 (1976), the Supreme Court held that a plea cannot be deemed voluntary "in the sense that it constituted an intelligent admission that he committed the offense unless the defendant received real notice of the true nature of the charge against him. Applying Henderson, the magistrate judge concluded that, "[o]n the record presented, Petitioner is presumed to have understood the nature of the charge against him as well as any possible defenses." Although petitioner's response repeats his arguments as to the charges and defenses he now asserts were appropriate, he does not provide a basis for avoiding the magistrate judge's conclusion — grounded in the description of the charge in the information, the explanation of the charge by the trial judge, and his own acknowledgment of the nature of discussions with his attorney — that the result reached by the Oklahoma Court of Criminal Appeals is sufficiently supported as against the applicable standard of review.

In his final ground for relief, petitioner claims he was denied his Sixth Amendment right to conflict-free representation at the hearing on his motion to withdraw his plea. With regard to the right to conflict-free representation, the magistrate judge noted that the only clearly established federal law in this area, determined by the Supreme Court as required by § 2254(d), applies to the circumstances involved in Cuyler v. Sullivan, 446 U.S. 335 (1980). That case involved a lawyer engaged in multiple concurrent representations. Recognizing that the Supreme Court has since declined to extend Cuyler to circumstances outside the multiple concurrent representations context — as is the case here — the magistrate judge recommended that Ground Three of the petition be denied. Petitioner's response does not identify a persuasive basis for concluding the state of the law is other than as described by the magistrate judge.

The magistrate judge recognized that, on the facts alleged, the petitioner "could have [but did not] attempt[] to show ineffective assistance of counsel." In his objection to the Report and Recommendation, petitioner moves the court for permission to amend his habeas petition to assert a claim for ineffective assistance of counsel. However, petitioner failed to exhaust his state law remedies with regard to an ineffective assistance of counsel challenge, which is a prerequisite to a habeas challenge to his conviction. 28 U.S.C. § 2254(b)(1)(A).

Having conducted a de novo review, the court adopts the Report and Recommendation [Doc. # 14] for substantially the same reasons as stated by the magistrate judge. The petition for writ of habeas corpus and the motion to amend that petition are **DENIED**.

3

**IT IS SO ORDERED**.

Dated this 14th day of December, 2009.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE